Filed 8/12/25  P. v. Mason CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>TYLER DANIEL MASON,<br><br>  Defendant and Appellant. | G063869<br><br>(Super. Ct. No. 15NF0265)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Appeal dismissed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Heather B. Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Tyler Daniel Mason appeals from the trial court's order denying his petition for resentencing. On appeal, Mason argues the trial court failed to exercise its informed discretion for whether to recall and resentence him under Penal Code section 1172.1 (all further statutory references are to this code). We conclude this is not an appealable order. Thus, we dismiss the appeal.

FACTUAL AND PROCEDURAL HISTORY

In 2018, Mason pleaded guilty to one count of second degree robbery (§§ 211, 212.5, subd. (c)) and one count of street terrorism (§ 186.22, subd. (a)). He also admitted two enhancements: (1) a gang enhancement under section 186.22, subdivision (b)(1); and (2) a gun enhancement under section 12022.53, subdivision (b). Mason was sentenced to a total term of 12 years.

In January 2024, Mason filed a petition that sought appointment of counsel, resentencing, and "'further proceedings' to the trier of fact on the question of the truth of the 'criminal street gang enhancement.'" The petition purported to be based on changes to section 186.22 from Assembly Bill No. 333 (2021–2022 Reg. Sess.) and relied on section 1109 and *Mendoza v. Superior Court* (2023) 91 Cal.App.5th 42. The petition did not argue the trial court had jurisdiction to resentence him pursuant to section 1172.1.

The trial court denied the petition by minute order, which indicated: "The [p]etitioner contends changes to [section] 186.22 by Assembly Bill No. 333 . . . afford retroactive ameliorative benefits to his sentence pursuant to his plea and conviction. The amendments to [section] 186.22 apply retroactively to cases in which the judgments of conviction 'have not become final prior to the effective date of [Assembly Bill No.] 333.' [Citation.] 'When a statute is amended to reduce the punishment for a criminal act, it is

2

presumed that the Legislature intended the lighter penalty to apply retroactively "to every case to which it constitutionally could apply." [Citation.] A statute can be constitutionally applied to acts committed before its passage so long as the judgment of conviction is not final. [Citation.] A judgment becomes final when it has reached final disposition in the highest court authorized to review it. [Citation.]' [Citation.] [¶] The [p]etitioner having been sentenced on March 16, 2018, his appeal had not been perfected by compliance with [section] 1237.5, and any appeal was not filed within applicable time requirements. [Citations.] To the extent changes in [section] 186.22 have retroactive ameliorative effect, the [p]etitioner is unable to realize those benefits. [¶] Therefore, the petition is denied." (Some capitalizations omitted.) Mason filed a notice of appeal.[1]

DISCUSSION

As an initial matter, we address whether there is an appealable order. "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'" (*People v. King* (2022) 77 Cal.App.5th 629, 634.) "Moreover, a freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action. [Citation.] Thus, a defendant who wishes to challenge a sentence as unlawful

---

[1] The trial court granted Mason's request for a certificate of probable cause.

3

after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm." (*Id.* at p. 640.)

Here, Mason was sentenced in 2018, and his time to appeal had long passed. Mason's petition did not assert a valid procedural basis for the trial court to have jurisdiction to resentence him purportedly based on a change in the law after his conviction was final. Thus, the trial court's order denying the petition is nonappealable, and the appeal must be dismissed. However, despite it not being cited in his petition, Mason now relies on section 1172.1 to argue the trial court had jurisdiction and the resulting order is appealable.

"Section 1172.1 provides authority for a trial court to recall the sentences of incarcerated defendants and resentence them under certain circumstances. Like its predecessor provisions (previously codified in [section] 1170, [subdivision] (d)(1) and [section] 1179.03, [subdivision] (a)), section 1172.1 is a statutory exception to the general rule that "'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.'"" (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*).) "Under section 1172.1, a trial court may recall a sentence and resentence a defendant 'at any time' upon the recommendation of various designated correctional or law enforcement authorities. [Citation.] The trial court may also do so 'on its own motion' within 120 days of the date of commitment. [Citation.] Pursuant to an amendment effective January 1, 2024, a trial court now also has jurisdiction to recall a sentence and resentence a defendant on its own motion 'at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.'" (*Ibid.*)

4

Notably, section 1172.1, subdivision (c), provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

On appeal, Mason contends the trial court had jurisdiction to recall and resentence him under section 1172.1. Mason argues "amendments to . . . section 186.22 constituted a change, by new statutory authority, to the sentencing laws that were applicable at the time of the original sentencing, and this brought [Mason] within the scope of" the amended section 1172.1. Mason asserts the "trial court failed to exercise its informed discretion as to whether to recall and resentence [Mason] . . . because it did not appreciate that it had the authority to recall and resentence him under" section 1172.1.

Mason's argument section 1172.1 provides a basis for an appeal is unavailing because the record does not reflect the trial court addressed section 1172.1. Mason's petition did not rely on section 1172.1, and the trial court's order similarly did not address section 1172.1. Instead, the trial court's order simply responded to the arguments raised in Mason's petition. Mason cannot now use the trial court's purported error in failing to exercise

discretion under a statute not even raised in the petition as a basis for creating appealability.[2]

## DISPOSITION

The appeal is dismissed.


MOTOIKE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.

---

[2] Even if we were to consider the trial court's order to be one denying a defendant's request under section 1172.1, we would reach the same conclusion that the appeal must be dismissed as an appeal from a nonappealable order. Recently, an appellate court concluded "a trial court order denying or dismissing a defendant-initiated request under section 1172.1 is not appealable because the trial court had no statutory obligation to act on defendant's request and thus the order did not affect a defendant's substantial rights under section 1237, subdivision (b)." (*People v. Roy* (2025) 110 Cal.App.5th 991, 994; see also, e.g., *Hodge, supra*, 107 Cal.App.5th at p. 991 ["trial court's decision not to exercise its discretion to recall [defendant's] sentence did not affect [defendant's] substantial rights under section 1237, subdivision (b), because the trial court had no statutory obligation to act at all on [defendant's] request"].)